IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM SHANE HICKS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:22-CV-19-Z-BR |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner William Shane Hicks ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

**I.     BACKGROUND**

On April 12, 1993, Petitioner pleaded guilty to felony Theft of Property with a value over $750.00, out of the 181st District Court of Potter County, Texas, for which he was sentenced to 10 years confinement. *See State v. Hicks*, No. 31,382-B; (ECF 9-3). His sentence was discharged on November 28, 2003. (ECF 9-2 at 8). Petitioner did not file an appeal for the 1993 conviction. (ECF 3 at 2–3). On September 8, 2021, however, Petitioner filed a state habeas application challenging this conviction, claiming actual innocence based on newly discovered evidence. (*Id.*). The state habeas application was denied without written order on January 26, 2022. (ECF 9-4 at 2–3).

In this action, Petitioner *directly* challenges his 1993 felony theft conviction. (ECF 3 at 1). However, Petitioner is currently in TDCJ custody, serving a 99-year sentence for a 1998

Aggravated Robbery, Enhanced conviction out of the 320th District Court of Potter County, Texas. *See State v. Hicks*, No. 39,068-D. This conviction was enhanced by the 1993 theft charge, which is the heart of Petitioner's federal complaint. (*See* ECF 3 at 13; ECF 6 at 10). In 2000, Petitioner pursued a state habeas petition related to the 1998 conviction, which was denied without written order. *In re Hicks*, No. WR-45,011-01. Petitioner pursued three additional state habeas petitions related to the 1998 conviction, which were dismissed or otherwise disposed of on September 23, 2015, October 14, 2015, and August 12, 2021, respectively. *In re Hicks*, Nos. WR-45,011-02; WR-45,011-03; WR-45,011-06.

Petitioner's instant habeas action was placed in the prison mailing system on February 14, 2022. (ECF 3 at 15).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims he is actually innocent of the 1993 felony theft conviction and that the government made material misrepresentations about the value of the stolen property that induced the guilty plea. (ECF 3 at 5; *see also* ECF 6 at 5–18).

## III.     RESPONSIVE PLEADINGS

On July 13, 2022, Respondent filed a Preliminary Answer asserting Petitioner's habeas application should be dismissed with prejudice as moot because Petitioner is not "in custody" pursuant to the challenged 1993 theft state court conviction. (ECF 9 at 1). Respondent also argues that Petitioner's petition should be dismissed with prejudice because it is barred by the AEDPA statute of limitations. (*Id.*). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV.     JURISDICTION: "IN CUSTODY"

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement when the challenged conviction has not fully expired when the petitioner files his or her petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction, however, when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*.

Petitioner is no longer in *physical* custody pursuant to his 1993 theft conviction. However, this is immaterial to jurisdiction in this instance. Petitioner challenges the sentence imposed in his 1998 aggravated robbery conviction, for which he remains in custody, as enhanced by his 1993 theft conviction. (*See* ECF 9-2 at 2). The Supreme Court has found that where a petitioner challenges a sentence as enhanced by an allegedly invalid prior conviction, the "in custody" requirement for federal habeas jurisdiction is satisfied. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001); *see also Maleng*, 490 U.S. at 493–94; *Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000); *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995). Thus, notwithstanding the expiration of his 1993 sentence, this Court has jurisdiction over petitioner's challenge to his 1998 sentence as enhanced by his 1993 conviction, insofar as the Petitioner remains "in custody."

V. **STATUTE OF LIMITATIONS**

Title 28 U.S.C § 2244(d) imposes a 1-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

The 1-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment and sentence for Hicks's 1993 conviction was entered on April 12, 1993, and no appeal was sought. (ECF 9-3 at 6). Because Hicks's 1993 conviction became final and his limitations period expired before the enactment of the AEDPA on April 24, 1996, Hicks had one year after the effective date in which to file his federal petition. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (holding that "petitioners whose claims would otherwise be time-barred prior to the AEDPA's enactment, now have one year after the April 24, 1996 effective date to file a § 2254 petition for collateral relief"). Therefore, the limitations period for Hicks' 1993 conviction expired on April 24, 1997.

Similarly, Hicks' 1998 judgment was entered on August 3, 1998 and his sentence was

imposed on August 4, 1998. (ECF 9-2 at 3). Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. On June 30, 1999, the state intermediate appellate court affirmed Petitioner's conviction. *Hicks v. State*, No. 07-98-00304-CR. Petitioner did not timely seek review of the affirmance of his conviction by filing a petition for discretionary review with the Texas Court of Criminal Appeals, and the conviction became final on September 14, 1999. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires). Petitioner pursued a state habeas petition related to the 1998 conviction on March 24, 2000, which was denied without written order 12 days later, on April 5, 2000. *In re Hicks*, No. WR-45,011-01. Therefore, the limitations period for Hick's 1998 conviction expired on September 26, 2000.

Hick's February 14, 2022 filing of the instant action occurred nearly 25-years after the limitations period expired for his 1993 conviction and more than 21-years after the limitations period expired for his 1998 conviction. While Hicks submitted a state habeas action on September 8, 2021, which was denied without written order on January 26, 2022, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); (ECF 9-4).

## VI.     EQUITABLE TOLLING

The 1-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a

litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause). Nothing in the record suggests the state misled Hicks. Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

## VII.    ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is

grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining that evidence was not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Hicks asserts that he is actually innocent based on newly discovered evidence: namely, an affidavit from the victim attesting that the value of the property stolen was less than the value for which Hicks was convicted. (ECF 3 at 5; ECF 6 at 5-18; ECF 9-6). The victim's affidavit states that she bought the items Hicks stole, a television and stereo-VCR, at a garage sale for $450 dollars—less than the statutory bracket of "$750.00 or more, but less than $20,000.00," for which Hicks was convicted. (ECF 9-6). Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. Further, the facts and argument raised by Petitioner do not support that he is factually

innocent. Evidence of the stolen property's value was available prior to Hicks's voluntary guilty plea wherein he judicially confessed and stipulated to the evidence against him. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

### VIII.   FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's 1993 felony theft conviction was entered on April 12, 1993, and no appeal was sought. (ECF 9-3 at 6). Due to the enactment of AEDPA, the limitations period for Hicks' 1993 conviction expired on April 24, 1997.

2. Petitioner's 1998 judgment of conviction for aggravated robbery was entered on August 3, 1998 and his sentence was imposed on August 4, 1998. (ECF 9-2 at 3). Petitioner's conviction became final on September 14, 1999. Petitioner's state habeas petition tolled the limitations period by twelve days. Therefore, the limitations period for Hick's 1998 conviction expired on September 26, 2000.

3. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

4. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

5. Petitioner's federal habeas corpus petition was thus due on or before **September 26, 2000**, at the latest, unless statutorily or equitably tolled.

6. Petitioner's first state habeas application regarding the instant action, filed on **September 8, 2021**, and denied on **January 26, 2022**, was filed after the **limitations periods ended** and had no tolling effect.

7. Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

8. Petitioner's federal habeas corpus application, filed **February 14, 2022** when it was placed in the state prison mailing system, was filed more than twenty-one (21) and twenty-five (25) years, respectively, after the expiration of the statute of limitations and **is time barred**.

9. Petitioner has failed to demonstrate actual innocence by presenting new reliable evidence showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

8

## IX.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed July 13, 2022 (ECF 9), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner WILLIAM SHANE HICKS be DISMISSED with prejudice as time barred.

## X.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 18, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).